IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47977

| | | |
|---|---|---|
| In the Matter of:  Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | Filed:  July 7, 2020 |
| Plaintiff-Respondent, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) | THIS IS AN UNPUBLISHED |
| JANE DOE (2020-23), | ) ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) ) ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Courtnie Tucker, District Judge.

Judgment terminating parental rights, <u>affirmed</u>.

Aaron Bazzoli, Chief Canyon County Public Defender; Scott J. Davis, Deputy Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kathryn Garret, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights. She asserts the magistrate court erred in finding she neglected her child and that terminating her parental rights was in the best interests of the child.  The magistrate court's judgment terminating Doe's parental rights is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the biological mother of A.H.  A.H. was declared in imminent danger because of Doe's methamphetamine use and unstable home.  Doe stipulated for A.H. to be placed in the custody of the Department of Health and Welfare (the Department).  A case plan was approved

1

by the magistrate court that required Doe to properly provide for and parent A.H., as well as to address Doe's mental health issues, her substance abuse, and her criminal activities.

Over the course of the Child Protection Act (CPA) case, Doe was committed to the custody of the Department for mental health reasons and hospitalized on four separate occasions. Over the course of Doe's hospitalizations, her behavior included not taking her medications as prescribed, exhibiting paranoid behavior, and not eating. Doe's paranoid behavior included believing her food was poisoned, during which time she claimed she did not eat for three weeks. Doe also refused to take her prescribed medication, either because she did not like how it made her feel or because she believed her medication was unnecessary. At the termination hearing, Doe was still committed to the Department's custody.

Nearly three years after A.H. was placed in the Department's custody, the Department petitioned for termination of Doe's parental rights because of Doe's failure to complete her case plan and the frequency and duration of her hospitalizations. Following a hearing, the magistrate court found that Doe neglected A.H. and that termination of Doe's parental rights was in the best interests of A.H. Doe timely appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

2

## III.

## ANALYSIS

Doe argues there is not clear and convincing evidence of her neglect, but even if there is, she is not directly responsible for her failure to comply with the case plan because of her pervasive mental health issues. Thus, it was error for the magistrate court to terminate her parental rights on the grounds of neglect. We hold that the magistrate court's determination that Doe neglected A.H. and that termination of Doe's parental rights was in the best interests of A.H. is supported by clear and convincing evidence.

**A. Substantial and Competent Evidence Supports the Magistrate Court's Conclusion of Neglect**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Neglect is defined in I.C. § 16-2002(3)(a) as "Conduct as defined in section 16-1602(31)(a)." Idaho Code § 16-1602(31)(a) defines a neglected child as one "[w]ho is without proper parental care and control, or subsistence, medical or other care and control necessary for his well-being because of the conduct or omission of his parents, guardian or other custodian or their neglect or refusal to provide them . . . ." Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a CPA case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody. I.C. § 16-2002(3)(b).

The magistrate court found two statutory bases for terminating Doe's parental rights. First, the magistrate court found Doe neglected A.H. pursuant to I.C. § 16-2005(1)(b). Second, the magistrate court found that Doe was unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and be injurious to the health, morals, or well-being of the child pursuant to I.C. § 16-2005(1)(d).

The magistrate court found by clear and convincing evidence two alternate grounds for finding Doe neglected her minor child. First, the magistrate court found Doe could not provide appropriate care and parental supervision pursuant to I.C. §§ 16-2002(3)(a) and 16-1602(31)(a). Second, the magistrate court found that Doe failed to comply with the case plan and reunification had not occurred pursuant to I.C. § 16-2002(3)(b).

In finding neglect pursuant to I.C. § 16-2002(3)(b), the magistrate court found although Doe attempted to work her case plan for nearly three years, she did not successfully reunify with A.H. This was because Doe never completed substance abuse treatment nor maintained sobriety outside of her hospitalizations, and she did not complete parenting classes, provide a stable source of income, or provide stable housing for herself or A.H. Because Doe did not complete the requirements of her case plan, she did not reunify with A.H. As a result, the magistrate court found that Doe failed to comply with the magistrate court's orders or the case plan in the underlying child protection case, the Department had legal custody of the child for fifteen of the most recent twenty-two months, and Doe had not reunified with her child.

4

Doe argues that even if there is clear and convincing evidence of neglect,[1] her pervasive and on-going mental health issues rendered her unable to comply with and complete the terms of her case plan; therefore, the magistrate court could not find Doe neglected A.H. or terminate Doe's parental rights on that ground. Doe's argument fails.

While impossibility may be asserted as a defense to a claim of neglect founded upon failure to comply with the requirements of a case plan, *Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 596, 389 P.3d 141 (2016), it must be asserted as an affirmative defense during the hearing so the trial court has an opportunity to determine whether the lack of compliance is the direct or indirect responsibility of the parent. *Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 754, 759, 390 P.3d 1281, 1286 (2017). This is not to say, however, that a trial court must find willful non-compliance with the terms of a case plan as a prerequisite to a finding of neglect under I.C. § 16-2002(3)(b). Instead, the trial court must find that the parent is responsible, whether directly or indirectly, for non-compliance with the requirements of a case plan. *Id*.

In this case, Doe was responsible, either directly or indirectly, for non-compliance with the requirements of her case plan. Doe was not incarcerated when the case plan was entered. And, although Doe was committed to the Department's custody on mental health commitments for a great deal of time *during* her CPA case, when not in custody, Doe failed to complete her case plan by failing to: (1) maintain consistent medication because she either did not like how it made her feel or she did not believe it was necessary; (2) stay sober; (3) engage in substance abuse treatment; and (4) avoid on-going criminal behavior. Consequently, it was not impossible for Doe to comply with her case plan and Doe was responsible, either directly or indirectly, for that failure. Moreover, even if Doe's mental health made it impossible to comply with the requirements of the case plan, Doe does not address the other independent grounds for finding neglect or the other statutory basis for terminating Doe's parental rights. If the court grants a judgment on more than one independent basis and the appellant does not challenge each basis for termination, then we must affirm the judgment. *Idaho Dep't of Health & Welfare v. Doe (2016-09)*, 163 Idaho 707, 711, 418 P.3d 1216, 1220 (2016) ("When a judgment is granted on alternative grounds and one of them is not addressed on appeal, we must affirm the judgment.");

---

[1] Doe concedes that a drug problem that interferes with parenting supports a determination of neglect, as does unstable employment or housing, and that evidence of incarceration is competent evidence establishing neglect. *Idaho Dep't of Health & Welfare v. Doe*, 161 Idaho 754, 760-61, 390 P.3d 1281, 1287-88 (2017).

*Idaho Dep't of Health & Welfare v. Doe (2017-36)*, 163 Idaho 274, 278, 411 P.3d 1175, 1179 (2018) (noting court need not address parent's argument because "magistrate court's order contains additional, unchallenged findings of neglect that must be affirmed").

As an alternate statutory basis for terminating Doe's parental rights, the magistrate court found clear and convincing evidence of neglect pursuant to I.C. §§ 16-2002(3)(a) and 16-1602(31)(a) because Doe did not provide A.H. the subsistence, medical, or other care and control necessary for her well-being. A.H. was two grade levels behind in school and had numerous absences when she was taken into the Department's custody. A.H.'s unstable and traumatic life while in Doe's care led to emotional and behavioral issues, all of which had improved while the child was in foster care. Although Doe argues her mental health issues prevented her from completing her case plan, she makes no such claim as it relates to the magistrate court finding this statutory ground of neglect. Thus, clear and convincing evidence supports the magistrate court's finding that Doe neglected her child pursuant to I.C. § 16-2002(3)(a).

The magistrate court also found that Doe was unable to discharge parental responsibilities and such inability will continue for a prolonged indeterminate period and will be injurious to the health, morals, or well-being of the child pursuant to I.C. § 16-2005(1)(d). Doe does not challenge this statutory basis on appeal and as only one statutory basis need exist, the magistrate court's order terminating Doe's parental rights can be affirmed on this alternate basis. *Idaho Dep't of Health & Welfare v. Doe (2016-09)*, 163 Idaho 707, 711, 418 P.3d 1216, 1220 (2016) ("When a judgment is granted on alternative grounds and one of them is not addressed on appeal, we must affirm the judgment.").

**B.      Substantial and Competent Evidence Supports the Magistrate Court's Conclusion That Termination Is in the Child's Best Interests**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198,

6

358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe claims the magistrate court lacked substantial and competent evidence to find that termination of Doe's parental rights was in A.H.'s best interests because Doe and A.H. "were well bonded"; terminating the parental rights can have a negative impact on a child; and termination of the parent-child relationship, without substitution of a new one, is contrary to the best interests of a child.

The magistrate court's conclusion that termination of Doe's parental rights is in the best interests of A.H. is established by clear and convincing evidence. The evidence established that Doe may never be able to stabilize her mental health to a point that would allow her to safely parent her child. At the time of the permanency hearing, Doe's mental health issues were not under control and she remained hospitalized on a mental health commitment. Doe's delusional thinking impacted Doe's health and would likely affect A.H.'s health.

Additionally, after being placed in foster care, A.H.'s educational performance improved significantly, with A.H. completing two grade levels of school work in one year. The child's emotional and mental health also improved dramatically. The magistrate court found that despite Doe's love for A.H., termination of Doe's parental rights was in the best interests of A.H. so she could have a permanent, safe, and stable home, which Doe could not provide. The magistrate court did not err in finding termination of Doe's parental rights was in the best interests of the child.

## IV.

## CONCLUSION

The magistrate court did not err in finding that Doe neglected A.H. and that termination of Doe's parental rights was in the best interests of A.H. Consequently, the magistrate court's judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.

7